IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEISINGER MEDICAL CENTER and GEISINGER MEDICAL CLINIC, | : : : | No. 4:05-cv-460 |
| Plaintiffs, | : : | Judge Jones |
| v. | : : | |
| JEANETTE EVANS, | : : | |
| Defendant and Third Party Plaintiff | : : : | |
| v. | : : | |
| MEDICAL MUTUAL OF OHIO, | : : | |
| Third Party Defendant. | : | |

**MEMORANDUM AND ORDER**

**May 11, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) filed by Third Party Defendant Medical Mutual of Ohio ("Third Party Defendant" or "Medical Mutual"). (Rec. Doc. 10). Third Party Plaintiff Jeanette Evans ("Evans") has filed a brief in opposition and the Motion is now ripe for our review.

1

For the following reasons, we will grant the Third Party Defendant's Motion in part and dismiss counts one and four of the third party complaint without prejudice.

**PROCEDURAL HISTORY AND STATEMENT OF FACTS:**

Evans, an Ohio resident, was treated at Geisinger Medical Center in Danville, Pennsylvania between October 19, 2001 and October 25, 2001 for injuries she suffered in an automobile accident while visiting Pennsylvania. While at Geisinger, Evans incurred medical bills in the amount of $39,278.00. (Rec. Doc. 1, Ex. C; Third Party Cmplt. ¶ 9). For reasons unclear at this stage of the litigation, Evans' medical bill has gone unpaid. Plaintiffs Geisinger Medical Center and Geisinger Clinic ("Geisinger" or "Plaintiffs") originally filed a complaint in the Montour County Court of Common Pleas seeking payment from Evans for the medical services provided (See Rec. Doc. 1, Ex. 2; Cmplt.). On February 22, 2005 Evans filed a notice of removal with the United States District Court for the Western District of Pennsylvania. (See Id., Ex. 2; Notice of Removal at 1-3).

On February 25, 2005 Evans filed a third party complaint against Medical Mutual, alleging that Medical Mutual is responsible for paying Evans' bills to Plaintiffs. Evans contends in that complaint that during the relevant period, she was a participant in and beneficiary of a medical/hospitalization plan issued by

Medical Mutual (the "Plan").  Id. at 10.  Evans further contends that this Plan "constitutes an employee welfare benefit plan within the meaning of ERISA."  Id. Evans' complaint alleges a breach of contract in count one,[1] a breach of fiduciary duty in count two, a breach of Employee Retirement Income Security Act of 1974, codified at 29 U.S.C. § 1001, et seq. ("ERISA") regulations in count three, and a breach of the duty of good faith in count four.[2]

On March 1, 2005, Chief Judge Donnetta Ambrose of the United States District Court for the Western District of Pennsylvania determined that the proper venue for this action was the Middle District of Pennsylvania.  (See Rec. Doc. 1 at Ex. E).  The action was transferred to this District and placed on our docket.

Federal question jurisdiction in our court is proper as Evans' claims against Medical Mutual arise out of the ERISA statutory scheme pursuant to 28 U.S.C. § 1331.

**STANDARD OF REVIEW:**

In considering a motion to dismiss, a court must accept the veracity of a plaintiff's allegations.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990).  In Nami v. Fauver, 82 F.3d

---

[1] Although not labeled as such, Evans acknowledges that count one of the third party complaint is a breach of contract claim.  (See Br. Opp. Mot. Dismiss passim.).

[2] Medical Mutual's Motion does not seek the dismissal of count three.

63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also District Council 47 v. Bradley, 795 F.2d 310 (3d Cir. 1986).

## DISCUSSION:

Medical Mutual moves to dismiss counts one, two, and four of the third party complaint. It contends that these counts, which sound in state law, are not cognizable in a federal ERISA action. Under ERISA, there are two types of preemption: "express preemption" under § 514(a) of ERISA and "complete preemption" under § 502 of ERISA. The express preemption provision of ERISA, provides that ERISA "shall supersede any and all State laws insofar as they ... relate to any employee benefit plan" covered by the statute. 29 U.S.C. § 1144(a); see Pryzbowski v. U.S. Healthcare, 245 F.3d 266, 277 (3d Cir. 2001). Complete preemption provides federal jurisdiction for ERISA claims. See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987)(Congress intended that § 502(a) of

ERISA be given the same extraordinary preemptive force as had been given to § 301 of Labor Management Reform Act). Here, we are thus dealing with complete preemption, which requires us to find that Evans' state law claims against Medical Mutual will be preempted by ERISA.

In response to the Motion to Dismiss, Evans appears to admit that so long as this Court classifies the Plan as an ERISA plan, then count one of the third party complaint, alleging breach of contract, and count four, alleging breach of the duty of good faith, are indeed inappropriate in an ERISA complaint. (See Rec. Doc. 15, Evans' Br. Opp. M. Dismiss at 1)("If it is determined that the [P]lan is a qualified ERISA plan, then the Defendant Third Party Complaint's Counts as to breach of contract and bad faith will be dismissed."). Despite Evans' tacit request that we determine whether the Plan is a qualified ERISA plan, that is not the Court's role at this preliminary stage.

Our analysis on a motion to dismiss simply asks whether the allegations in complaint, if true, would result in a verdict for the plaintiff. See e.g., Oatway v. American Int'l Group, Inc., 325 F.3d 184, 187 (3d Cir.2003)(holding that a court may grant a Rule 12 motion if "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief"). As previously noted, we must therefore take as

true what Evans' alleges in the third party complaint. See Warth v. Seldin, 422 U.S. 490, 501 (1975)("For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint."). The third part complaint states at its outset that Evans "brings this action pursuant to the provisions of the Employee Retirement Income Security Act..." (Third Party Cmplt. ¶ 3). Therefore, we must evaluate Evans' complaint as brought pursuant to the ERISA statutory scheme. As Evans herself acknowledges, counts one and four of the third-party complaint alleging breach of contract and breach of a duty of good faith must be dismissed without prejudice under ERISA.[3] If, after discovery, it becomes apparent that ERISA is not applicable to the Plan, Evans may petition the Court to amend her complaint and reinstate these counts.

Regarding the claim of breach of fiduciary duty in count two of the third party complaint, Evans contends that it is cognizable in an ERISA action pursuant to 29 U.S.C. § 1132(a)(2)("A civil action may be brought ... by a ... fiduciary for appropriate relief under section 1109 of this title"). The Supreme Court has also found that a claim for breach of fiduciary duty is cognizable under the ERISA

---

[3] To be clear, we do not at this juncture hold that the Plan is, or is not, subject to ERISA. Rather, we hold only that Evans alleges in her third party complaint that Medical Mutual violated ERISA. Whether ERISA applies to the Plan and whether there were violations as the Plan relates to the parties is a question necessarily left for another day.

scheme. See Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 53 (1987)("A participant or beneficiary may also bring a cause of action for breach of fiduciary duty."). Although Evans' seeks a determination that Medical Mutual is indeed a fiduciary within the meaning of ERISA, that again is not our function at this stage of the litigation. Nonetheless, we find that since Evans has properly pled a claim for breach of fiduciary duty in count two of the third party complaint that is cognizable under the ERISA statutory scheme, this count must survive Medical Mutual's Motion.

Because Evans complaint is pled as an ERISA action we must on a motion to dismiss take Evans' claim that the Plan is covered by ERISA as true. As such, counts one and four of the third party complaint, that sound only in state law and are preempted by ERISA, must necessarily be dismissed.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Third Party Defendant Medical Mutual of Ohio's Motion to Dismiss (Rec. Doc. 10) is GRANTED in part and DENIED in part.

2. Counts one and four of Jeanette Evans' third party complaint (Rec. Doc. 1 Ex. 3) are DISMISSED without prejudice.

                                         <u>s/ John E. Jones III</u>
                                         John E. Jones III
                                         United States District Judge